## Commonwealth v. Stuck

*Conrad Capuzzi*, District Attorney, for Commonwealth.

*Gerald R. Solomon*, for defendant.

FEIGUS, J., March 6, 1974.—This matter is before the court en banc upon defendant's motion for judgment of non pros following an appeal from conviction of summary offense of "driving too fast for conditions."

The basis of the motion is the magistrate's failure to serve or mail a copy of the transcript under the Minor Judiciary Court Appeals Act of December 2, 1968, P. L. 1137, 42 PS §3003.

Section 3003(d) provides as follows:

"The issuing authority shall within twenty days after service upon him of a notice of appeal file with the officer of the court his transcript of proceedings, the amount of fines and costs and bail received in said case, if any, the summons or warrant issued by him, the original copy of the complaint and the bail undertaking executed by the defendant, if any; *he shall also serve personally or by certified mail a copy of his transcript upon the attorney for the defendant, or if none, upon the defendant.*" (Italics supplied.)

We have not been directed to any appellate court construction of the last clause of the above-quoted section of the act. Interestingly enough, there seems to be a split of respectable common pleas authority. Some cases adhering to a mandatory construction are: Commonwealth v. Brown, 56 D. & C. 2d 347; Commonwealth v. B. Abrams & Sons, Inc., 54 D. & C. 2d 169; Commonwealth v. Fenstermaker, 47 D. & C. 2d 341. Some others applying a directory construction are: Commonwealth v. Schlotthauer, 61 D. & C. 2d 170; Commonwealth v. Leffler, 50 D. & C. 2d 109; Commonwealth v. Bradfield, 20 Bucks 541. In the face of this divergence of authority, and in the absence of appellate court guidance, we feel inclined to apply the directory construction.

## ORDER

And now, March 6, 1974, defendant's motion for judgment of non pros, and motion to vacate order denying motion for non pros, are severally overruled and dismissed.